# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CRIMINAL NO.: 12-00211-KD |
| | * | |
| PATRICK LEE CARLISLE, | * | |
| | * | |
| Defendant. | * | |

## ORDER

This matter is before the court on consideration of defendant's motion to continue the trial that was filed on November 5, 2012 (Doc. 15), to which the Government does not object. Upon review of the motion and the record in this action, it is determined that justice requires a continuance as requested.

Patrick Carlisle is charged with possession of a firearm by a convicted felon (Doc. 1). He was ordered detained on October 30, 2012 and remains in detention. He was arraigned on October 19, 2012 and Mr. Carlos Williams, Esquire, was appointed as his attorney just prior to arraignment. The court established a pretrial schedule that contemplated a pretrial conference in November 2012 with trial to held during the December, 2012 criminal term. This ambitious schedule allowed counsel approximately nineteen days to prepare a defense or negotiate a settlement prior to the pretrial conference scheduled for November 6, 2012. The time from arraignment to jury selection, as fixed in the scheduling order, was forty-six days.

Since the entry of the scheduling order, Mr. Williams has been confronted with the need to provide care to a parent living out of state and did not return to his office until November 16, 2012. Counsel for the Government was consulted and expressed no

objection to a one-term continuance, into January, 2013, and there is no evidence that this continuance would prejudice any party.

The Court further finds, pursuant to 18 U.S.C.§ 3161(h)(7)(A), that "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial." Mr. Williams reports that following his review of the preliminary guideline calculations, it is his conclusion that Mr. Carlisle faces a potential sentence as an armed career criminal. In his experience, this possibility requires a number of visits and conversations with his client to insure that Mr. Carlisle is able to properly assess his options under these circumstances.

The temporary absence from the office by Mr. Williams has reduced the amount of trial preparation time that was provided in the Order on Arraignment. Mr. Williams absence, however, was reasonable under the circumstances and will not prevent this action proceeding to trial within a reasonable period of time.

Under these circumstances, it is determined that counsel has proffered valid reasons for an extension of the pretrial preparation period before finalizing plea negotiations or trial preparations. See 18 U.S.C. § 3161(h)(7)(B)(ii & iv). Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.")

Defendant has filed a timely and knowing waiver of his Speedy Trial rights (Doc. 16) in accord with the advice of Mr. Williams. Therefore, the Clerk of the Court is directed to refer this matter to the appropriate Magistrate Judge for entry of a new scheduling order, including dates for the pretrial conference and jury selection.

Upon consideration of the grounds presented and this Court's record, the Court finds that neither the defendant nor the United States will be unduly prejudiced by a continuance into the January 2013 criminal term; therefore, the defendant's motion is **GRANTED** and the trial is **CONTINUED** into the month of January with jury selection to commence on January 2, 2013.[1]

DONE AND ORDERED this 21st day of November, 2012.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] "[ F]or purposes of the [ Speedy Trial] Act, a jury trial commences when the court begins the voir dire." *Bramlett v. U.S.*, 405 Fed.Appx. 363, 366 (11th Cir.(Ga.) Dec 13, 2010) (*citing United States v. Gonzalez*, 671 F. 2d 441, 443 ( 11th Cir. 1982)) *cert. denied Bramlett v. U.S.*, 131 S.Ct. 2122, 179 L.Ed.2d 914, 79 USLW 3592 (U.S. Apr 18, 2011)).